**AFFIDAVIT IN SUPPORT OF ARREST WARRANT PURSUANT TO FEDERAL RULE OF CRIMINAL PROCEDURE 9**

1. I, Marisa Fetterman, being first duly sworn, hereby depose and state as follows:

**INTRODUCTION AND AGENT BACKGROUND**

2. I am a Special Agent with Homeland Security Investigations ("HSI") assigned to the HSI Philadelphia Field Office.

**PURPOSE OF THE AFFIDAVIT**

3. This affidavit is made in support of an arrest warrant for PAULO SILVA for a violation of 18 U.S.C. § 611 (voting by an alien) in connection with the November 5, 2024, election for federal office, pursuant to Federal Rule of Criminal Procedure 9. As described in more detail below, SILVA is not a U.S. citizen, knew that he was not a U.S. citizen, and knowingly voted in the November 2024 election. Based on the facts set forth in this affidavit, there is probable cause to believe that SILVA violated 18 U.S.C. § 611. He has been charged by the United States Attorney in an Information with this offense.

4. Title 18, United States Code, Section 611(a) states: "It shall be unlawful for any alien to vote in any election held solely or in part for the purpose of electing a candidate for the office of President, Vice President, Presidential elector, [or] Member of the Senate[.]"[1] The November 2024 election for federal office in Pennsylvania was held to, *inter alia*, elect a United States Senator.

---

[1] Under Section 611(a), aliens may vote in a local election if they "are authorized to vote for such other purpose under a State constitution or statute or a local ordinance," and the local election is "conducted independently of voting for a candidate for such Federal offices, in such a manner that an alien has the opportunity to vote for such other purpose, but not an opportunity to vote for a candidate for any one or more of such Federal offices." However, this statutory exception did not apply to any of the voters who participated in the November 2024 election in Philadelphia, Pennsylvania, which is the election in which SILVA voted.

5. Fed. R. Crim. P. 9 states that "[t]he court must issue a warrant . . . for each defendant named in an . . . information if one or more affidavits accompanying the information establish probable cause to believe that an offense has been committed and that the defendant committed it."

6. This Affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all my knowledge about this matter. The facts set forth in this affidavit are based upon my personal observations, my training and experience, and information obtained from various law enforcement personnel and witnesses. I have not included each and every fact known to me concerning this investigation. Additionally, unless otherwise indicated, wherever in this Affidavit I assert that an individual made a statement, that statement is described in substance herein and is not intended to be a verbatim recitation of such statement.

**PROBABLE CAUSE**

7. According to Department of Homeland Security ("DHS") databases and her alien file ("A-File"), PAULO SILVA is not a U.S. citizen. Rather, he is a native and citizen of Portugal. He is assigned alien number 034741946.

8. Earlier this month, HSI obtained SILVA'S voting records from the City of Philadelphia and the Pennsylvania Department of State. The records show that SILVA is an active registered voter in Philadelphia, in the Eastern District of Pennsylvania. SILVA's registration information includes his actual date of birth. Additionally, the records show that SILVA voted in-person in Philadelphia on November 5, 2024.

9. On September 18, 2026, HSI Agent Paige Kaune and I conducted an approximately eight-minute-long in-person interview of SILVA at his residence. The interview was recorded with SILVA's consent. At the start of the interview, SILVA confirmed that he was

born in Portugal. SILVA then confirmed his signature on an Immigration Form N-400 that he had submitted in support of an application for United States citizenship.

10. I then showed SILVA a signature from a poll book for the 2024 general election in Philadelphia, and SILVA confirmed that the signature was his. SILVA also confirmed that he had voted in the November 5, 2024 election.

11. SILVA said that he did not know that he could not vote, and that he had received something in the mail saying that he could vote. SILVA said that he went to the polling location, which was at a high school, and showed the poll workers his driver's license, and they let him vote.

12. SILVA said that he specifically cast ballots for federal offices, including for the offices of President and Vice President of the United States of America.

13. I then showed SILVA a portion of his N-400 application for citizenship where he had checked the "no" box in response to a question of whether he had ever voted in a federal election. I asked SILVA why he had checked that box if he had voted in the election. SILVA said he was scared because after he had voted, SILVA had told his wife, who is a United States citizen, and SILVA's wife told SILVA that he should not have voted.

**CONCLUSION**

14. Based on the above facts, there is probable cause to believe PAULO SILVA knowingly voted in the November 5, 2024 federal election in the Eastern District of Pennsylvania, and that he knew that he was not an American citizen at the time of the election. SILVA thus violated 18 U.S.C. § 611 on November 5, 2024. I therefore respectfully request an arrest warrant be issued for PAULO SILVA.

*/s/ Marisa Fetterman*
Marisa Fetterman
Special Agent
Homeland Security Investigations

Affidavit submitted by and attested to me as true and accurate by telephone consistent with Fed. R. Crim. P. 4.1 and 41(d)(3) this __ day of October, 2026:

PAMELA A. CARLOS

Digitally signed by PAMELA A. CARLOS
Date: 2026.10.02 11:23:01 -04'00'

_______________________________
Honorable Pamela A. Carlos
United States Magistrate Judge